UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
OCT 25 2013
CLERK

| | |
|---|---|
| Chris Peterson, | ) |
| Plaintiff, | ) Civ. No. 13-4121 |
| v. | ) |
| M & J Distributing, Inc., a South Dakota corporation; and | ) COMPLAINT |
| Matt Stiener, individually, and as president of M & J Distributing, Inc. | ) |
| Defendant. | ) |

COMES now Plaintiff Chris Peterson, by and through his counsel of record, Judith K. Zeigler, and for his request for declaratory relief and causes of action against Defendants, based upon information and belief, states and alleges as follows:

**SUBJECT MATTER JURISDICTION**

1.  This is an action for Trademark Counterfeiting, Infringement of Federally Registered Trademark, Infringement of a State Registered Trademark, False Representations and False Designation of Origin, Federal and State Common Law Trademark Infringement, State and Federal Law Unfair Competition, Injury to Business Reputation and Dilution, Interference with Prospective Advantage and Tortious Interference with Business Relationships, Unjust Enrichment, and

Piercing the Corporate Veil.

2. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (actions arising under the Lanham Act) and 28 U.S.C. §§ 1331 (actions arising under the laws of the United States) and 1338 (a) & (b), as this action arises in part under 15 U.S.C. §§ 1114 and 1125(a). Under 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Mr. Peterson's state law claims of State Registered and Common Law Trademark Infringement, State Unfair Competition, Injury to Business Reputation and Trademark Dilution, Interference with Prospective Advantage and Tortious Interference with Business Relationships and Unjust Enrichment.

## PERSONAL JURISDICTION/PARTIES

3. Plaintiff Chris Peterson is a resident of 25701 SD Highway 44, White River, South Dakota.

4. Defendant M & J Distributing, Inc., is a South Dakota corporation with its principal place of business located at 2707 Piper Avenue, Watertown, South Dakota.

5. Defendant Matt Stiener, President of M & J Distributing, Inc., resides at 1711 13th Avenue NE, Watertown, South Dakota.

6. This Court has personal jurisdiction over the parties.

## VENUE

7. Venue is proper under 28 U.S.C. 1391(b)(2). *See also Hot Stuff Food*

*Systems, Inc., v. Griffin Petroleum, Inc.*, 891 F. Supp. 499, 504 (D.S.D. 1995) (stating that venue in a Lanham Act case is proper "where the 'passingoff' occurred.").

## FACTUAL ALLEGATIONS

8. Plaintiff Chris Peterson, Director of Dakota Hunting Trips, Inc., of White River, South Dakota, began using the mark Big Cock Country in commerce in conjunction with his hunting business and the sale of apparel on or about February 24, 2001. Mr. Peterson has continuously used this Trademark in the sale of goods in commerce, such as hats, stocking caps, shirts, sweatshirts, jackets, vests, and gloves since that time and has never abandoned said Trademark. Such use established Mr. Peterson's common-law trademark rights.

9. In March of 2007, Mr. Peterson registered his Trademark with the South Dakota Secretary of State's Office, and the South Dakota Certificate of Mark Registration issued by the Secretary of State's Office renewed and is in effect to date. *See* Exhibit 1.

10. From February 24, 2001, to date, Mr. Peterson has sold thousands of dollars worth of items bearing the trademark Big Cock Country, especially during hunting season, at various South Dakota businesses, including but not limited to the Countryside Travel Plaza in Lennox, South Dakota, the Highland Travel Plaza in Mitchell, South Dakota, the Coffee Cup I-90 truck stop at Plankinton, South Dakota, and through

online sales.

11.     Mr. Peterson has expended substantial time, money and other resources in developing, advertising and otherwise promoting his trademarked goods.

12.     As a result, products bearing Mr. Peterson's intellectual property are widely recognized and exclusively associated by consumers, the public and the trade as being high quality products.

11.     In or about 2009, Defendant M & J Distributing, Inc., through Defendant Matt Stiener, began selling inferior, counterfeit and infringing apparel items upon which the Big Cock Country Trademark was displayed. *See* Exhibit 2.

12.     In or about 2009, and continuing through the present, Defendant M & J Distributing, through Defendant Matt Stiener, has sold inferior, counterfeit and infringing apparel items displaying the Big Cock Country Trademark to and through the Countryside Travel Plaza at Lennox, South Dakota, Highland Travel Plaza, Mitchell, South Dakota, Coffee Cup I-90 at Plankinton, South Dakota, Truck Town at Mitchell, South Dakota, BP at Watertown, South Dakota, Stones Truck Stop at Watertown, South Dakota, Shell at Watertown, South Dakota, the Truck Stop at I-90 and SD Highway 81.

13.     Mr. Peterson has notified Defendant Matt Stiener and Defendant M & J Distributing repeatedly of Defendants' infringement of Mr. Peterson's

4

trademark and demanded that Defendants stop infringing his trademark rights. When Mr. Peterson called Defendant Matt Stiener and demanded that Defendants stop putting infringing products in stores, Defendant Matt Stiener's response was that there was "nothing [Mr. Peterson] could do about it."

14. When Mr. Peterson spoke with various business owners about Defendants' infringement, Defendants had the Sheriff serve a cease and desist letter upon Mr. Peterson to stop using his own trademark.

15. As a result of Defendants' infringing actions, various business owners have ultimately refused to do business with Mr. Peterson regarding his trademarked goods, some informing Mr. Peterson that Defendants' Big Cock Country goods were cheaper.

16. On March 26, 2013, the United States Patent and Trademark Office issued Registration Number 4,307,397 to Mr. Peterson for his Trademark, Big Cock Country. *See* Exhibit 3.

17. The federal registration of Mr. Peterson's trademark constitutes *prima facie* evidence of its validity and conclusive evidence of Mr. Peterson's exclusive right to use the Big Cock Country Trademark in connection with the goods identified therein and other commercial goods.

18. The state and federal registration of the Trademark also provides sufficient notice to Defendants of Mr. Peterson's ownership and exclusive rights in the Big Cock Country Trademark.

5

19. Nonetheless, Mr. Peterson once again sent a cease and desist letter to Defendants and Defendants' counsel.

20. Defendants continue to sell the inferior, counterfeit and infringing apparel containing the Big Cock Country Trademark. *See* Exhibit 2 (photo taken at Highland Travel Plaza in Mitchell in October 2013).

21. In fact, this month, Defendant Matt Stiener told Mr. Peterson that he recently ordered another 400 caps displaying the Big Cock Country trademark, and that he intends to sell them.

22. Defendants have advertised, sold and offered for sale products bearing the Big Cock Country Trademark, which are inferior and counterfeit imitations of Mr. Peterson's products.

23. Defendants are well aware of the fame and strength of the Big Cock Country Trademark and the incalculable goodwill associated therewith. In fact, Defendants' choice of continuing to willfully infringe Mr. Peterson's Trademark, thereby risking statutory damages and attorney's fees, in and of itself demonstrates the significant value of Mr. Peterson's Big Cock Country Trademark.

24. Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally, with reckless disregard or willful blindness to Mr. Peterson's rights, or with bad faith for the purpose of trading on the goodwill and reputation of Mr. Peterson and his products.

25. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public and the trade into believing that there is a connection or association between Defendants' Infringing Counterfeit Products and Mr. Peterson.

26. Upon information and belief, Defendants' intend to continue to sell, offer for sale, and advertise the Infringing Counterfeit Products, unless otherwise restrained.

27. Mr. Peterson is suffering irreparable injury, has suffered substantial damages as a result of Defendants' activities and has no adequate remedy at law.

## COUNT I

### *Trademark Counterfeiting*

28. Paragraphs 1 - 27 above are incorporated herein as if set out in full.

29. Defendants, without authorization from Mr. Peterson, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from Mr. Peterson's Trademark Big Cock Country.

30. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public and the trade into believe that Defendants' Infringing Counterfeit Products are genuine or authorized products of Mr. Peterson.

31. Upon information and belief, Defendants have acted with knowledge of Mr. Peterson's ownership of the Big Cock Country Trademarks and with deliberate intention or willful blindness to unfairly benefit from Mr. Peterson's Trademarks.

32. Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

33. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

34. Defendants' acts have damaged and will continue to damage Mr. Peterson, and Mr. Peterson has no adequate remedy at law.

## COUNT II

### *Infringement of Federally Registered Trademark*

35. Paragraphs 1 - 34 above are incorporated herein as if set out in full.

36. Defendants, without authorization from Mr. Peterson have used and are continuing to use spurious designations which are confusingly similar to Mr. Peterson's Trademark.

37. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by or endorsed by Mr. Peterson.

38. Defendants have acted with the knowledge of Mr. Peterson's ownership of the Big Cock Country Trademarks and with deliberate intention or willful blindness to unfairly benefit from Mr. Peterson's Trademark.

39. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

40. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

41. Defendants intend to continue their infringing acts, unless restrained by the Court.

42. Defendants' acts have damaged and will continue to damage Mr. Peterson, and Mr. Peterson has no adequate remedy at law.

## COUNT III

### *Infringement of State Registered Trademark*

43. Paragraphs 1 - 42 above are incorporated herein as if set out in full.

44. Defendants, without authorization from Mr. Peterson have used and are continuing to use spurious designations which are confusingly similar to Mr. Peterson's Trademark.

45. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether

defendants' Infringing Products originate from, or are affiliated with, sponsored by or endorsed by Mr. Peterson.

46. Defendants have acted with the knowledge of Mr. Peterson's ownership of the Big Cock Country State Trademark and with deliberate intention or willful blindness to unfairly benefit from Mr. Peterson's Trademark.

47. Defendants' acts constitute trademark infringement in violation of SDCL 37-6-25.

48. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

49. Defendants intend to continue their infringing acts, unless restrained by the Court.

50. Defendants' acts have damaged and will continue to damage Mr. Peterson, and Mr. Peterson has no adequate remedy at law.

## COUNT IV

### *False Representations and False Designation of Origin*

51. Paragraphs 1 - 50 above are incorporated herein as if set out in full, and Defendants' acts asserted in those paragraphs as if set forth in full as part of the this claim for relief.

52. Defendants' above-referenced acts constitute false designations of origin, false and misleading descriptions, and false and misleading

representations which are likley to cause confusion, mistake or deception and misrepresent the nature, characteristics and qualities of Defendants' goods in violation of 15 U.S.C. § 1125(a).

53. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

54. Defendants intend to continue their false designations, unless restrained by the Court.

55. Defendants' acts have damaged and will continue to damage Mr. Peterson, and Mr. Peterson has no adequate remedy at law.

## COUNT V

### *Federal and State Common Law Trademark Infringement*

56. Paragraphs 1 - 55 above are incorporated herein as if set out in full, and Defendants' acts asserted in those paragraphs as if set forth in full as part of the this claim for relief.

57. In addition to Mr. Peterson's federal and state registrations set forth above, Mr. Peterson owns, uses and enjoys federal and state common law rights in South Dakota and throughout the United States in the Big Cock Country Trademark, and thus these rights are senior and superior to any rights which Defendants may claim in and to its infringing and counterfeit products.

58. Defendants' use of the Big Cock Country mark is intentionally

designed to mimic Mr. Peterson's products so as to likely cause and has caused confusion regarding the origin of the goods.

59. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

60. Defendants intend to continue their intentional and willful infringement of Mr. Peterson's Common Law Trademark, unless restrained by the Court.

61. Defendants' acts have damaged and will continue to damage Mr. Peterson, and Mr. Peterson has no adequate remedy at law.

## COUNT VI

### *State and Federal Law Unfair Competition*

62. Paragraphs 1 - 61 above are incorporated herein as if set out in full, and Defendants' acts asserted in those paragraphs as if set forth in full as part of the this claim for relief.

63. Defendants' acts referenced herein constitute unfair competition and passing off in violation of the common law of the United States and in violation of the common law of the State of South Dakota.

## COUNT VII

### *Injury to Business Reputation and Trademark Dilution*

64. Paragraphs 1 - 63 above are incorporated herein as if set out in full, and Defendants' acts asserted in those paragraphs as if set forth in full as

part of the this claim for relief.

65. Defendants' above-referenced acts are likely to cause and have caused injury to Mr. Peterson's business reputation, dilution of Mr. Peterson's Trademark in violation of SDCL § 37-6-3.

### COUNT VIII

### *Interference with Prospective Advantage*
### *Tortious Interference with Business Relationships*

66. Paragraphs 1 - 65 above are incorporated herein as if set out in full, and Defendants' acts asserted in those paragraphs as if set forth in full as part of the this claim for relief.

67. Defendants interfered with Mr. Peterson's past and prospective business relationships.

68. Mr. Peterson had a valid business relationship, or the expectancy of a valid business relationship, with numerous convenience and retail stores in the multiple states to sell his trademarked goods.

69. Defendants knew of said business relationships between Mr. Peterson and the numerous stores.

70. Defendants intentionally and unjustifiably interfered with said business relationships.

71. Defendants' interference with said business relationships caused harm to Mr. Peterson, and as a result, Mr. Peterson has sustained damages in an amount to be determined at trial.

### COUNT IX

### *Unjust Enrichment*

72. Paragraphs 1 - 71 above are incorporated herein as if set out in full, and Defendants' acts asserted in those paragraphs as if set forth in full as part of the this claim for relief.

73. As a result of Defendants' conduct described above, Defendants have been and will be unjustly enriched at the expense of Mr. Peterson. Specifically, Defendants' unfair and illegal actions have enabled Defendants to profit from Mr. Peterson's Trademark.

74. Defendants should be required to disgorge this unjust enrichment.

### COUNT X

### *Piercing the Corporate Veil*

75. Paragraphs 1 - 74 above are incorporated herein as if set out in full, and Defendants' acts asserted in those paragraphs as if set forth in full as part of the this claim for relief.

76. Defendant Matt Stiener is a shareholder of and operates M & J Distributing, Inc., and controls M & J Distributing, Inc.'s, acts which constitute the claims herein.

77. Defendants' actions referenced above demonstrate that there was such a unity of interest and lack of respect given to the separate identity of the corporation by its shareholders that the personalities and assets of the corporation and Defendant Stiener are indistinct.

78. Adherence to the corporate fiction in this case would sanction a

fraud, promote injustice or lead to an evasion of legal obligations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chris Peterson prays for judgment against all Defendants as follows:

(A) Finding that Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. §1125(a), and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c));

(B) Finding that Defendants have violated SDCL 37-6-25;

(C) Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. 1116, preliminarily and permanently restraining and enjoining Defendants, its officers, agents, coconspirators, servants, affiliates, employees, and representatives, and all those persons or entities in active concert or participation with them, from: importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Big Cock Country Trademark, or any other mark or design element substantially similar of confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of Mr. Peterson's Trademark;

15

(D) Requiring Defendant to file with this Court and serve on Mr. Peterson within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(E) Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale cr sold by Defendants have been authorized by Mr. Peterson, or is related in any way with Mr. Peterson's Trademark;

(F) Ordering that Defendants be required to account to Mr. Peterson for any and all gains profits and advantages derived by it from the activities complained of in this Complaint;

(G) Ordering Defendants to deliver for destruction all goods, products, advertisements, brochures, promotion materials, packaging, and any other material bearing the infringing trademark, together with all means and materials for making or reproducing the same;

(H) Awarding Mr. Peterson statutory damages of $2,000,000 per

counterfeit mark per type of Infringing Product in accordance with Section 35 of the Lanham Act (15 U.S.C. 1117) or alternatively, ordering Defendants to account to and pay Mr. Peterson all profits realized by their wrongful acts and also awarding Mr. Peterson his actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. 1117);

(I) Awarding Mr. Peterson actual and punitive damages to which he is entitled under applicable federal and state laws;

(J) Awarding Mr. Peterson his costs, attorneys fees, investigatory fees and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. 1117);

(K) Piercing the corporate veil to find Defendant Stiener individually liable; and

(L) Awarding Mr. Peterson such additional and further relief as the Court deems just and proper.

Dated this 25th day of October, 2013.

JUDITH K. ZEIGLER
Attorney at Law
PO Box 1448
Sioux Falls, South Dakota 57101-1448
Tel: (605) 274-0086
Fax: (888) 809-9084
judy@jkzlaw.com

*Attorney for Plaintiff*

17

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues so triable.

_____
JUDITH K. ZEIGLER